# IN THE SUPREME COURT OF THE STATE OF NEVADA

LAMONT HOWARD, JR.,
Appellant,
vs.
I. BACA, WARDEN, N.N.C.C.,
Respondent.

No. 67342

**FILED**

MAR 1 7 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order denying a postconviction petition for a writ of habeas corpus. Second Judicial District Court, Washoe County; Connie J. Steinheimer, Judge.

Appellant Lamont Howard, Jr., argues that the district court erred in denying his petition without holding an evidentiary hearing on his claim that his trial counsel was ineffective for opening the door to evidence of a prior bad act in which Howard harassed a pregnant woman who was walking with her child. To prove ineffective assistance of counsel, a petitioner must demonstrate that counsel's performance was deficient in that it fell below an objective standard of reasonableness, and resulting prejudice such that there is a reasonable probability that, but for counsel's errors, the outcome of the proceedings would have been different. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984); *Warden v. Lyons*, 100 Nev. 430, 432-33, 683 P.2d 504, 505 (1984) (adopting the test in *Strickland*).

We conclude that the district court did not err in denying this claim without an evidentiary hearing. On direct appeal, this court concluded that, even if the prior bad act evidence was erroneously

16-08490

admitted at trial, the admission was harmless in light of the other evidence. *Howard v. State*, Docket No. 59039 (Order of Affirmance, February 6, 2013). Thus, the district court properly found that Howard could not demonstrate a reasonable probability of a different outcome at trial but for trial counsel's opening the door to this evidence. Because Howard's claim of ineffective assistance failed on the prejudice prong, he was not entitled to an evidentiary hearing. *See Hargrove v. State*, 100 Nev. 498, 502-03, 686 P.2d 222, 225 (1984) (holding that a petitioner is entitled to an evidentiary hearing only when his claims are supported by specific factual allegations that are not belied by the record and, if true, would entitle him to relief). Accordingly, we conclude that Howard fails to demonstrate that the district court erred in denying the petition without an evidentiary hearing, and we

ORDER the judgment of the district court AFFIRMED.

_____, J.
Hardesty

_____, J.
Saitta

_____, J.
Pickering

cc:  Hon. Connie J. Steinheimer, District Judge
     Story Law Group
     Attorney General/Carson City
     Washoe County District Attorney
     Washoe District Court Clerk